IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 04-cv-01789-WDM-BNB

NATHAN LEE WIMBLEY,

    Plaintiff,

v.

DAN COPLEY,
GWEN DAVIDSON,
OFFICER SHELLY RITCHEY,
OFFICER JASON SCHMIDT,
OFFICER GARTH SCHAFER,
OFFICER MICHELLE HANSON,
RICK L. SCHORZMAN, and
OFFICER DARYL EHRLICH,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This case is before me on the recommendation of Magistrate Judge Boyd N. Boland, issued June 6, 2005, that defendants' motion to dismiss be granted and the complaint filed by plaintiff Nathan Lee Wimbley be dismissed. Wimbley has not objected to the recommendation and is therefore not entitled to de novo review. 28 U.S.C. § 636(b).

I have reviewed the pertinent portions of the record, including the complaint, the September 2004 court order dismissing certain claims and defendants, defendants' motion to dismiss, Wimbley's response (filed as a "motion to dismiss" the motion to dismiss), and the recommendation. I conclude the recommendation should be accepted.

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on two grounds:

(1) Wimbley's claims asserted under 42 U.S.C. § 1983 must be dismissed pursuant to § 1997e(e)[1] because he has not alleged a physical injury; and (2) any claim for injunctive relief is moot because Wimbley has been transferred out of the Yuma County Jail, where defendants work.

In his recommendation, Magistrate Judge Boland agreed that the Prisoner Litigation Reform Act bars recovery of compensatory damages absent allegations of physical injury, but concluded that Wimbley's complaint, as modified by court action, seeks only injunctive relief.[2] He therefore recommended that the motion to dismiss be denied on this ground.

As Magistrate Judge Boland noted, the Tenth Circuit has held that section 1997e(e) does not bar recovery of either nominal or punitive damages for violations of a prisoner's rights. *Searles v. Van Bebber*, 251 F.3d 869, 878, 880-81 (10th Cir. 2001). Nevertheless, he concluded that Wimbley was not seeking punitive damages and did not recommend that any portion of the complaint remain pending. I concur with this result.[3]

With respect to the claims for injunctive relief, I agree with Magistrate Judge Boland

---

[1] The Prisoner Litigation Reform Act provides, in relevant part, that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

[2] In September 2004, Judge Weinshienk issued an order finding that Wimbley's claims for illegal prosecution and incarceration were barred by *Younger v. Harris*, 401 U.S. 37 (1971). Following this order, the only relief requested in the complaint that remained viable was Wimbley's request that defendants "cease and desist" from the alleged civil rights violations. Complaint, at 8.

[3] Although Wimbley "reiterated" a claim for punitive damages in his response to the motion to dismiss, he did not seek leave to amend his complaint to add such a claim. Further, he did not object to the recommendation that his claim be dismissed for failure to allege physical injury, despite the recommendation's recognition that a claim for punitive damages would not be barred. I conclude that Wimbley has waived any claim for punitive damages.

that these claims were mooted by Wimbley's transfer to another facility.  *See, e.g., Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (where plaintiff was no longer prisoner within control of defendants' facility, the entry of injunctive relief "would have no effect on the defendants' behavior").

Accordingly, it is ordered:

1. Magistrate Judge Boland's June 6, 2005 recommendation is accepted.
2. The motion to dismiss, filed October 27, 2004, is granted.
3. Plaintiff's complaint is dismissed.

DATED at Denver, Colorado, on July 21, 2005.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge